O
JS-6
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| NANCY SHY,<br><br>              Plaintiff,<br><br>      v.<br><br>LA CASA MENTAL HEALTH REHABILITATION CENTER; TELECARE CORPORATION; UNITED STATES OF AMERICA and DOES 1 through 80, inclusive,<br><br>              Defendants. | Case No. 2:14-cv-02998-ODW(JCx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [8]** |

On April 18, 2014, Defendants removed this action to this Court. (ECF No. 1.) On April 25, 2014, Defendant United States of America filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 8.) Defendant USA asserts that the Court lacks subject-matter jurisdiction over Shy's complaint because she failed to exhaust her administrative remedies under the Federal Tort Claims Act. (*Id.*) On May 15, 2014, Shy filed a non-opposition to Defendant United States of America's motion to dismiss. (ECF No. 17.) Accordingly, the Court hereby **GRANTS** Defendant United States of America's Motion to Dismiss Without Prejudice. (ECF No. 8.)

On May 2, 2014, Defendant La Casa Mental Health Rehabilitation Center ("LCMHRC") also filed a Motion to Dismiss Shy's Complaint. (ECF No. 10.) Shy requests that the court remand her remaining state-law claims to the Superior Court, in light of her non-opposition to the dismissal of her federal claim. (ECF No. 17.)

A court may decline to exercise supplemental jurisdiction if, among others, "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Ordinarily, if a plaintiff dismisses federal claims early in the litigation, a district court should remand the pendent state-law claims. *Id.* at 350. In deciding whether to continue exercising supplemental jurisdiction, the district court should weigh several factors, including "judicial economy, convenience, fairness, and comity." *Id.* The court should also take into account whether the plaintiff has dismissed her federal claims in an attempt to manipulate the forum. *Id.* at 357.

The Court finds that the most appropriate course of action is to remand the remainder of this case back to state court. This Court is a court of limited jurisdiction and therefore must ensure that it acts only within its restricted purview. While this Court has discretion to continue to exercise supplemental jurisdiction over Shy's pendent state-law claims, there is little reason to do so. There would be no waste of judicial resources by sending this case back to state court, because the Court has not touched upon the merits of Shy's action. While Defendant LCMHRC filed a now-moot motion to dismiss, the Court never had a chance to rule on it. The state court would therefore not have to duplicate any of this Court's work.

Additionally, the Court finds that Shy has not engaged in any manipulative tactics that would counsel against declining to exercise supplemental jurisdiction. As the plaintiff, Shy is the master of her complaint and may bring whichever claims against LCMHRC she desires consistent with Rule 11(b). She originally filed her action in state court, so she has not engaged in forum shopping by eliminating her federal claims simply to go back to where she started.

Considering the particular circumstances of this case, the Court declines to exercise supplemental jurisdiction over Rice's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Since Shy and Defendant LCMHRC appear to be both California citizens the Court finds that it also lacks diversity jurisdiction. *See* § 1332(a)(1); (Compl. ¶¶ 3, 5).

In sum, Defendant USA's Motion to Dismiss Without Prejudice is **GRANTED**. (ECF No. 8.) The Court **DENIES AS MOOT** Defendant LCMHRC's Motion to Dismiss, (ECF No. 10), and **REMANDS** this action to Los Angeles County Superior Court. *See Carnegie-Mellon*, 484 U.S. at 354–55. Nothing in this Order should be construed as prohibiting Defendants from challenging the sufficiency of the FAC in state court.

**IT IS SO ORDERED.**

May 27, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
Los Angeles Superior Court,
South District, Long Beach, No. NC 058673
```